UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TIM McGEE | : | Case No.: 3:09-cv-2799 |
| | : | |
| Plaintiff, | : | Judge David A. Katz |
| | : | |
| vs. | : | |
| | : | DEFENDANT THE HONORABLE |
| PAUL MOON, ET AL. | : | JUDGE PAUL C. MOON'S |
| | : | MEMORANDUM IN SUPPORT OF |
| Defendants. | : | MOTION TO DISMISS |

**Introduction**

*Pro se* plaintiff, Tim McGee, brings this action against the Honorable Judge Paul C. Moon, retired from the Ottawa County Court of Common Pleas, a number of banks, the banks' counsel, and their respective law firms. McGee's claims stem from a number of underlying debt collection cases brought against him by Judge Moon's co-defendants, Citibank, Discover Bank, MBNA Bank and HSBC Bank (collectively referred to as "the Banks"), in the Ottawa County Court of Common Pleas (the "state court actions"). Judge Moon presided over the state court actions.

**Factual Allegations**

McGee alleges the defendants were involved in a "debt collection racket" in which the Banks filed "fraudulent security instrument[s]" in the Ottawa County Court of Common Pleas.[1] McGee alleges that by filing each instrument, the Banks were fraudulently claiming that McGee owed the involved Bank money in violation of RICO

---

[1] McGee alleges the instruments were filed in the "district court of Ottawa County," but Ottawa County does not have a district court. Based on the remainder of his allegations, it is assumed he meant that the instruments were filed in the Ottawa County Court of Common Pleas.

and the Fair Debt Collections Practices Act. *Id.* Judge Moon, who presided over the Banks' cases against McGee, allegedly "pretend[ed] to be clueless" about what was happening. *Id.* McGee alleges the judge aided the Banks in violating RICO in Ottawa County Court of Common Pleas, Case Nos. 05CV264, 06CV068, 05CV250, 05CV103, 05CV275. *Id.* at ¶¶ 3, 11. Although McGee does not clearly allege what Judge Moon did or did not do in those cases, it appears that he takes issue with the judge's decisions in those cases, and throughout the Complaint alleges that the decisions were "void."

Due to the defendants' roles in the underlying "sham" proceedings, McGee claims the defendants should be required to compensate him in a sum equal to or greater than the sums sought from him in the underlying cases. (Complaint, Prayer for Relief, ¶ 2.) He asks this Court to order the defendants to compensate him accordingly, and he seeks a permanent injunction enjoining the defendants from further violating RICO. *Id.* at ¶ 4. He also seeks an order enjoining each defendant from acting as a debt collector. *Id.* at ¶ 5.

For the following reasons, McGee's claims against Judge Moon fail as a matter of law and must be dismissed with prejudice.

## Analysis

### I. This Court Lacks Jurisdiction over McGee's Claims under the *Rooker-Feldman* Doctrine.

McGee admits he brings this action "for a review of a state court judgment." (Complaint, p. 2.) Because this is an improper invocation of federal jurisdiction, McGee's Complaint must be dismissed. *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973).

Under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from this Court; subordinate federal courts do not have jurisdiction to

2

review them. Rather, review of such determinations can only be obtained in the United States Supreme Court by writ of *certiorari*. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Put another way:

> [L]ower federal courts possess no power whatever to sit in direct review of state court decisions. If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the district court is in essence being called on to review the state-court decision. This the district court may not do.

*Feldman*, 460 U.S. at 483-84 n. 6. The federal courts of appeal have specifically held that the *Rooker-Feldman* doctrine prevents a district court from reviewing a state court's judgment, even if the plaintiff failed to raise the alleged federal issues in state court. *Liedel v. Juvenile Court of Madison County, Alabama*, 891 F.2d 1542, 1545 (11th Cir. 1990); *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

McGee is asking this Court to review whether Judge Moon's decisions in the state court proceedings were somehow incorrect or improper. This is precisely what § 1257, as interpreted through *Rooker, Feldman*, and their progeny, prohibit: a district court may not review constitutional claims if the claims are inextricably intertwined with the state court's proceedings, decisions, and judgments. *Centifanti v. Nix*, 865 F.2d 1422, 1428 (3d Cir. 1989), *citing Stern v. Nix*, 840 F.2d 208 (3d Cir. 1988), *cert. denied*, 488 U.S. 826, 109 S. Ct. 77 (1988). *Rooker-Feldman* leaves this Court without subject-matter jurisdiction over McGee's claims, and the claims must be dismissed.

3

## II.     Judge Moon is Absolutely Immune.

Despite McGee's vague allegations against Judge Moon, it is evident that the only connection Judge Moon had with McGee was in his capacity as a judicial officer performing judicial acts; therefore, Judge Moon is absolutely immune from suit.

### A. Judge Moon is Absolutely Immune From Claims for Money Damages.

Federal law has long held that judges are immune from claims for money damages in connection with "judicial acts" unless there is a "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Judge Moon's judicial immunity can only be overcome in two situations:

- If he was acting in the complete absence of all jurisdiction, or
- If his challenged actions were non-judicial.

Neither of the above exception is met in this case.

### 1. Judge Moon's Acts Were Within the General Power of the Court.

As long as Judge Moon was acting with *some* jurisdiction, he is immune.  He loses immunity only in the clear absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978).  Although McGee's factual claims against Judge Moon are vague, he appears to claim the judge improperly acted while presiding over McGee's underlying debt collection cases in the Ottawa County Court of Common Pleas.  While McGee cites cases addressing lack of subject matter jurisdiction, he alleged no facts that would, even if true, show that Judge Moon lacked jurisdiction to preside over those cases, nor could he.  As a judge of the Ottawa County Court of Common Pleas, Judge

4

Moon had jurisdiction over McGee's case under R.C. 2305.01.[2]; therefore, McGee cannot overcome the judge's immunity on this point.

### 2. Judge Moon's Acts Were Judicial.

As long Judge Moon was performing judicial acts in the underlying proceedings, he is immune from suit. *Stump*, 435 U.S. at 357. McGee appears to take issue with the fact Judge Moon issued decisions in cases McGee believes were sham cases.

In *Forrester v. White*, 484 U.S. 219, 227-28 (1988), the Supreme Court stated that judges enjoy absolute immunity from personal liability for their judicial or adjudicatory acts, and it described quintessential judicial acts as being those that "involve resolving disputes between parties who have invoked the jurisdiction of a court." *See also Rockefeller v. United States Court of Appeals Office*, 248 F. Supp. 2d 17, 24 (D.D.C. 2003). Issuing a decision in a case is a quintessential judicial act—it involves resolving a dispute between parties who have invoked the court's jurisdiction. It is an act that can only be performed by a judge. Because Judge Moon's actions and decisions in McGee's underlying cases were judicial in nature, his immunity cannot be challenged on this point. Consequently, Judge Moon is entitled to absolute immunity and all claims against him must be dismissed.

---

[2] Ohio R.C. 2305.01 provides: "the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from the decisions of boards of county commissioners."

5

### B. Judge Moon is Absolutely Immune From McGee's Claims for Injunctive Relief.

McGee requests this Court enjoin all defendants from further committing RICO violations or acting as debt collectors. Judge Moon is absolutely immune from such claims for injunctive relief.

The Federal Courts Improvement Act of 1996 (Public Law 104-317, October 19, 1996) provides that a judge may not be enjoined for any act or omission taken in his or her judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. Therefore, a judge's absolute judicial immunity bars any suit for injunctive relief that fails these two exceptions. Because there is no allegation Judge Moon violated a declaratory decree, and because declaratory relief is theoretically available (yet improper[3]), absolute judicial immunity bars McGee's request for injunctive relief.

### III. McGee Fails to State a Claim for Which Relief Can Be Granted.

McGee claims to bring this suit under 42 USC § 1983. To recover under § 1983, McGee must plead and prove two essential elements: that he was denied a right secured

---

[3] Although the *possibility* of declaratory relief against a judge exists, Article III of the Constitution mandates that such relief is only an option when a case or controversy also exists. *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) (Pursuant to Article III, Section 2 of the Constitution, to be heard in federal court, a "controversy" must exist between litigants.). McGee is not entitled to a declaration against Judge Moon because no case or controversy exists between them. McGee complains about the decisions Judge Moon rendered in his underlying cases. Within this context, McGee has alleged no case or controversy between the judge and himself. There is no direct relationship between the parties, and, even if there were, presiding as a judge over a case does not create a case or controversy. *See Justices of Supreme Court of Puerto Rico*, 695 F.2d 17, 22 (1st Cir. 1982):

> "[Section] 1983 does not provide relief against judges acting purely in their adjudicative capacity, any more than, say, a typical state's libel law imposes liability on a postal carrier or telephone company for simply conveying a libelous message . . ." Therefore, naming as defendants judges who act only as neutral arbiters in disputes fails to state a claim for which relief can be granted . . . .

Viewed through the lens of Article III's case or controversy requirement, it is clear McGee is not entitled to relief against Judge Moon. He has not served in any capacity other than as an adjudicator. Consequently, McGee is not entitled to have any declaration issued against him, nor is he entitled to injunctive relief, based upon how Judge Moon acted or ruled in his underlying state court actions.

by the Constitution or the laws of the United States, and that the deprivation was permitted by one acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990), *quoting West v. Atkins*, 487 U.S. 42, 48 (1988). As these and other cases make abundantly clear, McGee must have been actually deprived of a federally protected right.

Although McGee claims to be asserting claims under § 1983, at no point does he reference a violation of his rights by someone acting under color of state law. At the most, he takes issue with decisions Judge Moon rendered in his underlying cases, and this does not constitute a cognizable deprivation of a federal right. As the Sixth Circuit has explained:

> An incorrect decision by the Ohio court does not constitute a deprivation of due process of law that the federal courts must redress. The proper course to correct a mistake is by appeal. It is only the claim that Ohio's procedures do not follow a vindication of plaintiff' rights that states a cognizable due process violation.

*Agg v. Flanagan*, 855 F.2d 336, 339 (6th Cir. 1988).

McGee's Complaint does not state sufficient facts to support his claimed deprivation of federal rights. Thus, the Complaint must be dismissed for failure to state a claim upon which relief can be granted. *Car-Two, Inc. v. City of Dayton*, 357 F.2d 921 (6th Cir. 1966).

### 1. McGee Fails to State a Claim under R.I.C.O.

McGee alleges Judge Moon aided and abetted the Banks and their lawyers in violations of the Racketeer-Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"). RICO creates a civil cause of action for "any person injured in his business or property by reason of a violation of section 1962." *Beck v. Prupis*, 529

7

U.S. 494, 495 (2000), *citing* 18 U.S.C. § 1964(c).  Subsection (d) of § 1962 in turn provides that "it shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of [§ 1962]."  To establish a conspiracy claim under RICO, a "plaintiff [must] allege injury from an act that is analogous to an 'act of a tortious character,'...meaning an act that is independently wrongful under RICO.  Id. at 505-506.  In other words, a plaintiff must allege he was harmed by an act of racketeering.  Id. at 507.

As shown by Defendant Citibank, N.A., in its Motion to Dismiss and Memorandum in Support (Doc #5), Section III(H), adopted herein, McGee has failed to sufficiently allege any racketeering activity on the part of any of the defendants.  More specifically, McGee has failed to connect Judge Moon to any racketeering activity.  At the most, he alleges Judge Moon presided over his underlying debt collection cases.  This does not rise to the level of aiding and abetting a RICO violation.  Accordingly, McGee's RICO claim should be dismissed.

## Conclusion

Based on the foregoing, the Honorable Judge Paul Moon respectfully requests this Court dismiss plaintiff's claims against him with prejudice.

Respectfully submitted,

/s/ Lisa M. Zaring
LINDA L. WOEBER (0039112)
LISA M. ZARING (0080659)
MONTGOMERY, RENNIE & JONSON
*Counsel for Defendant Judge Paul C. Moon*
36 East Seventh Street, Suite 2100
Cincinnati, Ohio 45202
Tel:   (513) 241-4722
Fax:   (513) 241-8775
E-mail: lwoeber@mrjlaw.com;
lzaring@mrjlaw.com

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this document was filed electronically via the CM/ECF electronic filing system and a copy will be served via first class mail, postage prepaid, on the 9TH day of February, 2010, upon the following:

Tim McGee
P.O. Box 421
Oak Harbor, OH 43449
*Pro se Plaintiff*

                                /s/ Lisa M. Zaring
                                LISA M. ZARING (0080659)